UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
)
CHRISTOPHER LAURETANI )
and MARIA LAURETANI )
             Plaintiffs, )
)
v. )       Civil Case No.
_____ )
)
)
CANOBIE LAKE PARK CORP. )
             Defendant. )
_____)

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, Christopher and Maria Lauretani, by and through their attorneys, Monaghan Safar Ducham PLLC, and allege and complain against Defendant as follows:

### JURISDICTION

1. Plaintiffs are residents of Pelham, NY, and are, therefore, citizens of New York.

2. Defendant is a citizen of New Hampshire, as its principal place of business is located in Salem, NH.  *See* 28 U.S.C. § 1332(c)(1).

3. The amount in controversy exceeds $75,000.

4. Jurisdiction is, therefore, proper pursuant to 28 U.S.C. § 1332(a)(1).

### VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiffs' claims occurred in Salem, NH.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



**PARTIES**

6. Mr. Lauretani is 38 years old and is a resident of Pelham, NY.  He owns Symmetry Physical Therapy, where he works as a physical therapist.

7. Mrs. Lauretani is 40 years old and a resident of Pelham, NY.  She works as a business development manager with Symmetry Physical Therapy.

8. Defendant is a New Hampshire corporation with its principal place of business in Salem, NH.  Defendant operates Canobie Lake Park, an amusement park located in Salem, NH.

**FACTS**

9. On July 3, 2012, Plaintiffs visited Defendant's amusement park with their children and Mr. Lauretani's parents.

10. While there, Mr. Lauretani participated in Defendant's "3 Point Challenge" (the "Challenge"), a timed event in which participants pay a small fee to shoot basketballs from various locations on a court.

11. Upon information and belief, the surface of the court is a woven plastic or polymer-based product similar to that of a milk crate and is designed not to allow any liquid to sit on it.

12. At the time that Mr. Lauretani participated in the Challenge, and despite the design of the court, Defendant was misting the court with large fans, and the court's surface was wet.

13. No representative or agent of the Defendant warned him of the potential danger or prevented him from participating in the Challenge.


MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



14. As Mr. Lauretani was running between the racks of basketballs, he slipped on the surface of the court and immediately suffered a severe injury to his left Achilles tendon.

15. Plaintiff underwent surgery at NYU Medical Center on or about July 10, 2012 to attempt to reconstruct what was diagnosed as a ruptured Achilles tendon.

16. Shortly thereafter, Mr. Lauretani developed a wound dehiscence and was scheduled for an irrigation and debridement surgery at Beth Israel Medical Center, Petrie Division.  On or about August 17, 2012, Mr. Lauretani underwent this second surgery, which revealed a deep pseudomonas infection.

17. Mr. Lauretani was required to undergo extensive wound care sessions as a result of these surgeries.

18. On or about September 21, 2012, Mr. Lauretani had a third surgery to, again, attempt to reconstruct his Achilles tendon.  As a result of this surgery, Mr. Lauretani suffered severe pain and loss of function, and the wound, again, dehisced, necessitating additional extensive wound care.

19. When the wound failed to heal, in early November 2012, Mr. Lauretani underwent a fourth surgery – a skin graft procedure.

20. Mr. Lauretani continued to suffer persistent drainage from the wound site.

21. On or about June 14, 2013, Mr. Lauretani underwent a scar revision, debridement, and sinus tract excision.



MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



22. On or about March 7, 2014, Mr. Lauretani underwent a sixth procedure in order to remove suture material and excess scar tissue.

23. As a result of his injury, Mr. Lauretani has been unable to work full-time as a physical therapist and business owner and was required to hire a physical therapist to handle his patient volume.  His business has suffered as a result of his injury.

24. Mr. Lauretani continues to receive treatment for his injury.

25. Mr. Lauretani experiences daily pain as a result of the injury and has lost enjoyment in life.

26. To date, Mr. Lauretani has incurred damages in excess of Two-Hundred Ninety-Two Thousand Dollars ($292,000.00) in medical and business expenses.

27. Mrs. Lauretani cared for Mr. Lauretani both physically and emotionally during his multiple surgeries and recovery efforts.

28. Due to Mr. Lauretani's limited mobility, he is limited in the activities in which he can participate with Mrs. Lauretani.

29. Mrs. Lauretani has suffered from the loss of Mr. Lauretani's companionship due to his severe injury and their marital relations have suffered.

## COUNT I

## NEGLIGENCE AS TO CHRISTOPHER LAURETANI

30. Plaintiffs repeat, reallege, and incorporate by reference the allegations contained in paragraphs 1-28 above.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com


31. At all times material to this action, Defendant owed Mr. Lauretani a duty to foresee and control hazards, to properly train its employees and agents, and to guard against the negligence of its agents and employees.

32. At all times material to this action, Defendant owed Mr. Lauretani a duty to exercise reasonable care in the operation of its amusement park and, specifically, in the operation of the Challenge.

33. Defendant breached its duty to Mr. Lauretani by:

   a. Failing to provide a safe environment in which Mr. Lauretani could participate in the Challenge;

   b. Making the basketball court wet and slippery through the use of misters;

   c. Failing to inform Mr. Lauretani of the potential danger or prevent his participation in the Challenge.

34. As a direct and proximate result of Defendant's breach of its duty of reasonable care, Mr. Lauretani suffered serious physical injuries and has incurred extensive medical expenses, loss of enjoyment of life, lost business expenses, and other expenses and damages.

35. But for Defendant's breach of its duty of reasonable care, Mr. Lauretani's injury would not have occurred.

36. Defendant's breach of its duty was a substantial factor in bringing about the harm caused to Mr. Lauretani.

37. Mr. Lauretani's costs and expenses, as a result of Defendant's breach of its duty of care, are extensive and ongoing.


MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



38. Mr. Lauretani has lost enjoyment of life due to the injuries he sustained as a result of Defendant's breach of its duty of care.

39. Mr. Lauretani has suffered lost business and associated business expenses as a result of Defendant's breach of its duty of care.

40. To date, Mr. Lauretani has incurred damages in excess of Two-Hundred Ninety-Two Thousand Dollars ($292,000.00) in medical and business expenses.

41. Defendant is liable to Mr. Lauretani for the damages caused by its breach of its duty of care.

## COUNT II
## LOSS OF CONSORTIUM AS TO MARIA LAURETANI

42. Plaintiffs repeat, reallege, and incorporate by reference the allegations contained in paragraphs 1-39 above.

43. Defendant's actions have caused a substantial injury to the marital right between Mr. and Mrs. Lauretani.

44. Mrs. Lauretani fully shared in Mr. Lauretani's ordeal.

45. Mrs. Lauretani cared for Mr. Lauretani both physically and emotionally during his multiple surgeries and recovery efforts.

46. Due to Mr. Lauretani's limited mobility, he is limited in the activities in which he can participate with Mrs. Lauretani.

47. Mrs. Lauretani has suffered from the loss of Mr. Lauretani's companionship due to his severe injury.

48. The marital relations between Mr. and Mrs. Lauretani have been severely affected and limited by Mr. Lauretani's injury.



MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



**JURY DEMAND**

Plaintiff demands a trial by jury in the instant case.

WHEREFORE, Plaintiffs respectfully request that this honorable Court:

A. Grant judgment for Plaintiffs in the instant case;

B. Award Plaintiffs compensatory damages and damages for loss of consortium associated with this matter; and

C. Grant any further and additional relief that this Court deems equitable and just.

Dated at Burlington, Vermont this 5th day of August, 2014.

        Respectfully Submitted,
        CHRISTOPHER LAURETANI
        and MARIA LAURETANI

        By and through their counsel:

          /s/ Claudine C. Safar
        Claudine C. Safar, Esq.
        NH Bar # 14793
        Monaghan Safar Ducham, PLLC
        156 Battery Street
        Burlington, VT 05495
        (802) 660-4735
        csafar@msdvt.com



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

